1
2
3
4
5
6
7
8                       UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GUSTAVO ALVAREZ,                         No.  2:14-cv-1181-KJM-EFB P

12              Plaintiff,

13       v.                                   ORDER GRANTING IFP AND DISMISSING
                                              COMPLAINT WITH LEAVE TO AMEND
14   STATE OF CALIFORNIA, et al.,             PURSUANT TO 28 U.S.C. § 1915A

15              Defendants.

16

17          Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18   U.S.C. § 1983.  In addition to filing a complaint, plaintiff has filed an application to proceed in

19   forma pauperis pursuant to 28 U.S.C. § 1915.

20   **I.      Request to Proceed In Forma Pauperis**

21          Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

22   Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect

23   and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C.

24   § 1915(b)(1) and (2).

25   **II.     Screening Requirement and Standards**

26          Federal courts must engage in a preliminary screening of cases in which prisoners seek

27   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

28   § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

1

1  of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

2  relief may be granted," or "seeks monetary relief from a defendant who is immune from such

3  relief." *Id.* § 1915A(b).

4        A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)

5  of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and

6  plain statement of the claim showing that the pleader is entitled to relief, in order to give the

7  defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

8  *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

9  While the complaint must comply with the "short and plaint statement" requirements of Rule 8,

10  its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556

11  U.S. 662, 679 (2009).

12        To avoid dismissal for failure to state a claim a complaint must contain more than "naked

13  assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

14  action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of

15  a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at

16  678.

17        Furthermore, a claim upon which the court can grant relief must have facial plausibility.

18  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

19  content that allows the court to draw the reasonable inference that the defendant is liable for the

20  misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a

21  claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

22  *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the

23  plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

24  **III.**    **Screening Order**

25        The court has reviewed plaintiff's complaint pursuant to § 1915A and finds it must be

26  dismissed because it does not comply with Rule 8 or state a claim upon which relief may be

27  granted.

28  /////

Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. *Id.* The allegations must be short and plain, simple and direct and describe the relief plaintiff seeks. Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002). A long, rambling pleading naming many defendants with an unexplained, tenuous or implausible connection to the alleged constitutional injury or a mere laundry list of unrelated claims does not suffice.

Here, plaintiff fails to provide a short and plain statement of a claim showing that he is entitled to relief. In his thirteen page complaint, accompanied by 235 pages of exhibits, plaintiff names approximately 50 defendants.[1] Most are allegedly High Desert State Prison employees, but several others appear to be linked to San Quentin State Prison and North Kern State Prison. Throughout the complaint, plaintiff refers generally to "defendants" without specifically linking a particular defendant to a violation of his federal rights. By lumping all defendants together in this fashion, the complaint hardly provides defendants with "fair notice" of plaintiff's claims against them.

Moreover, the "factual allegations" section of the complaint is too vague and conclusory to support a cognizable claim for relief. Plaintiff repeatedly accuses defendants of "discrimination," "retaliation," "deliberate indifference," "harassment," and "abuse," but includes almost no factual allegations to support those accusations, rendering them implausible. The only

---

[1] Because this case is only in the pleading stage, plaintiff is not required to prove his claims with evidence at this time. At this stage, plaintiff is only required to provide notice of his claim through "a short and plain statement." Fed. R. Civ. P. 8(a). By inundating the court with evidence at this stage in the proceedings, plaintiff only burdens the court, confuses the records, and delays his lawsuit. If this action proceeds to a point where submission of evidence is appropriate, for example, summary judgment or trial, plaintiff will have the opportunity to submit necessary evidence. But in amending his complaint, plaintiff should simply state the facts upon which he alleges a defendant has violated his constitutional rights and refrain from submitting exhibits unless truly necessary to state a claim. The court is not a repository for plaintiff's evidence.

allegations not couched in such vague and conclusory terms include the following: (1) plaintiff's administrative appeal complaining of disability discrimination was rejected on March 28, 2014; (2) "defendants" opened plaintiff's outgoing legal mail; (3) plaintiff was denied "hearing aides with hooks;" (4) plaintiff filed an administrative appeal complaining of retaliation, denial of nine meals, and a loss of privileges; and (5) "defendants" denied plaintiff soap, a razor, cleaning supplies, pen, and paper.  These scant allegations, however, do not demonstrate that any particular defendant deprived plaintiff of any federal statutory or constitutional right.

Plaintiff will be granted leave to file an amended complaint, if he can allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).  Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant.  Any amended complaint must cure the deficiencies identified above and also adhere to the following requirements:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants.  Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

/////

4

1    being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

2    1967)).

3          The court cautions plaintiff that failure to comply with the Federal Rules of Civil

4    Procedure, this court's Local Rules, or any court order may result in this action being dismissed.

5    *See* E.D. Cal. Local Rule 110.

6          In addition, the court notes that the following legal standards may apply to plaintiff's

7    intended claims for relief.

8          To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal

9    constitutional or statutory right; and (2) that the violation was committed by a person acting under

10   the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d

11   930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the

12   facts establish the defendant's personal involvement in the constitutional deprivation or a causal

13   connection between the defendant's wrongful conduct and the alleged constitutional deprivation.

14   *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44

15   (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable

16   for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 556 U.S. 662, 679

17   (2009). In sum, plaintiff must identify the particular person or persons who violated his rights.

18   He must also plead facts showing how that particular person was involved in the alleged

19   violation.

20         To state a viable First Amendment retaliation claim, a prisoner must allege five elements:

21   "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3)

22   that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First

23   Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."

24   *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). Conduct protected by the First

25   Amendment includes communications that are "part of the grievance process." *Brodheim v. Cry*,

26   584 F.3d 1262, 1271 n.4 (9th Cir. 2009). If plaintiff intends to assert a retaliation claim, he must

27   specifically identify the protected conduct at issue and plead that the allegedly adverse action was

28   taken "because of" that conduct.

1    Prisoners have a First Amendment right to send and receive mail.  *See Witherow v. Paff*,

2    52 F.3d 264, 265 (9th Cir. 1995) (per curiam).  However, an isolated incident of mail interference

3    or tampering is usually insufficient to establish a constitutional violation.  *Davis v. Goord*, 320

4    F.3d 346, 351 (2d. Cir. 2003); *see also Crofton v. Roe*, 170 F.3d 957, 961 (9th Cir. 1999)

5    (temporary delay or isolated incident of delay of mail does not violate a prisoner's First

6    Amendment rights); *Witherow*, 52 F.3d at 266 (9th Cir 1995) (First Amendment not violated

7    where prison's mail regulation related to a legitimate penological interest).

8    Prisoners have a constitutional right of access to the courts.  *Bounds v. Smith*, 430 U.S.

9    817, 828 (1977).  Prisoners also have a right "to litigate claims challenging their sentences or the

10   conditions of their confinement to conclusion without *active interference* by prison officials."

11   *Silva v. Di Vittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011).  An inmate alleging a violation of this

12   right must show that he suffered an actual injury.  *Lewis v. Casey*, 518 U.S. 343, 349-51 (1996).

13   That is, plaintiff must allege that the deprivation actually injured his litigation efforts, in that the

14   defendant hindered his efforts to bring, or caused him to lose, an actionable claim challenging his

15   criminal sentence or conditions of confinement.  *See id.* at 351; *Christopher v. Harbury*, 536 U.S.

16   403, 412-15 (2002).

17   There are no constitutional requirements regarding how a grievance system is operated.

18   *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of

19   a liberty interest in the processing of his appeals does not violate due process because prisoners

20   lack a separate constitutional entitlement to a specific prison grievance system).  Thus, plaintiff

21   may not impose liability on defendants simply because they played a role in processing plaintiff's

22   inmate appeals.  *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (an administrative

23   "grievance procedure is a procedural right only, it does not confer any substantive right upon the

24   inmates.  Hence, it does not give rise to a protected liberty interest requiring the procedural

25   protections envisioned by the fourteenth amendment. . . .  Thus, defendants' failure to process any

26   of Buckley's grievances, without more, is not actionable under section 1983." (internal quotations

27   omitted)).

28   /////

6

1    To state a claim for violation of the right to procedural due process, plaintiff must allege

2  facts showing: "(1) a deprivation of a constitutionally protected liberty or property interest, and

3  (2) a denial of adequate procedural protections." *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir.

4  2003).

5    The Eighth Amendment protects prisoners from inhumane methods of punishment and

6  from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir.

7  2006). To show a violation of the Eighth Amendment, plaintiff must allege facts sufficient to

8  support a claim that prison officials knew of and disregarded a substantial risk of serious harm to

9  the plaintiff. *E.g., Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Frost v. Agnos*, 152 F.3d 1124,

10  1128 (9th Cir. 1998). Extreme deprivations are required to make out a conditions of confinement

11  claim, and only those deprivations denying the minimal civilized measure of life's necessities are

12  sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*,

13  503 U.S. 1, 9 (1992). A mere threat of physical harm is not a constitutional wrong. *See Gaut v*

14  *Sunn*, 810 F.2d 923, 925 (9th Cir. 1987). Likewise, verbal harassment alone does not violate the

15  Eighth Amendment. *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996).

16    Negligence does not amount to a violation of a federal constitutional or statutory right. *See*

17  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[A] prison official cannot be found liable under

18  the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate

19  health or safety[.]"); *see also id.* at 835 ("[D]eliberate indifference describes a state of mind more

20  blameworthy than negligence.").

21    To succeed on an Eighth Amendment claim predicated on the denial of medical care, a

22  plaintiff must establish that he had a serious medical need and that the defendant's response to

23  that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see*

24  *also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A serious medical need exists if the failure to

25  treat the condition could result in further significant injury or the unnecessary and wanton

26  infliction of pain. *Jett*, 439 F.3d at 1096. Deliberate indifference may be shown by the denial,

27  delay or intentional interference with medical treatment or by the way in which medical care is

28  provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

1    To act with deliberate indifference, a prison official must both be aware of facts from

2    which the inference could be drawn that a substantial risk of serious harm exists, and he must also

3    draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Thus, a defendant is liable if

4    he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing

5    to take reasonable measures to abate it." *Id.* at 847.  A physician need not fail to treat an inmate

6    altogether in order to violate that inmate's Eighth Amendment rights. *Ortiz v. City of Imperial*,

7    884 F.2d 1312, 1314 (9th Cir. 1989).  A failure to competently treat a serious medical condition,

8    even if some treatment is prescribed, may constitute deliberate indifference in a particular case.

9    *Id.*

10    It is important to differentiate common law negligence claims of malpractice from claims

11    predicated on violations of the Eight Amendment's prohibition of cruel and unusual punishment.

12    In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not

13    support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir.

14    1980) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976); *see also Toguchi v. Chung*, 391

15    F.3d 1051, 1057 (9th Cir. 2004).

16    Title II of the Americans with Disabilities Act ("ADA"), prohibits a public entity from

17    discriminating against a qualified individual with a disability on the basis of disability.  42 U.S.C.

18    § 12132.  In order to state a claim that a public program or service violated Title II of the ADA, a

19    plaintiff must show: (1) he is a "qualified individual with a disability"; (2) he was either excluded

20    from participation in or denied the benefits of a public entity's services, programs, or activities, or

21    was otherwise discriminated against by the public entity; and (3) such exclusion, denial of

22    benefits, or discrimination was by reason of his disability. *McGary v. City of Portland*, 386 F.3d

23    1259, 1265 (9th Cir. 2004); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 691 (9th Cir. 2001)

24    ("If a public entity denies an otherwise 'qualified individual' 'meaningful access' to its 'services,

25    programs, or activities' 'solely by reason of' his or her disability, that individual may have an

26    ADA claim against the public entity.").

27    The ADA authorizes suits by private citizens for money damages against public entities,

28    *United States v. Georgia*, 546 U.S. 151, 153 (2006), and state prisons "fall squarely within the

statutory definition of 'public entity.'" *Pennsylvania Dep't. of Corrs. v. Yeskey*, 524 U.S. 206, 210 (1998).  "To recover monetary damages under Title II of the ADA . . . , a plaintiff must prove intentional discrimination on the part of the defendant." *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001).  The standard for intentional discrimination is deliberate indifference, which "requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." *Id.* at 1139.

"In suits under Title II of the ADA . . . the proper defendant usually is an organization rather than a natural person. . . . Thus, as a rule, there is no personal liability under Title II." *Roundtree v. Adams*, No. 1:01-cv-06502-OWW-LJO, 2005 U.S. Dist. LEXIS 40517, at *22 (E.D. Cal. Dec. 1, 2005) (quotations and citations omitted).  Indeed, a plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in his individual capacity to vindicate rights created by Title II of the ADA.  *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002).  Thus, an ADA plaintiff may seek injunctive relief against an individual defendant only if the defendant is sued in his or her official capacity.  *Miranda B. v. Kitzhaber*, 328 F.3d 1181, 1187-88 (9th Cir. 2003).

**IV.    Summary of Order**

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's request to proceed in forma pauperis (ECF No. 7) is granted.

2.  Plaintiff's request for an extension of time (ECF No. 8) is denied as unnecessary.

3.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.

4.  The complaint is dismissed with leave to amend within 30 days.  The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint."  Failure to comply with this order will result in dismissal of this action for failure to

/////

/////

/////

1  state a claim.  If plaintiff files an amended complaint stating a cognizable claim the court will

2  proceed with service of process by the United States Marshal.

3  Dated:  May 7, 2015.

4

5  _____
   EDMUND F. BRENNAN

6  UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28