UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTAVO ALVAREZ,<br><br>            Plaintiff,<br><br>      v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>            Defendants. | No. 2:14-cv-1181-KJM-EFB P<br><br>ORDER AND RECOMMENDATION OF DISMISSAL PURSUANT TO 28 U.S.C. § 1915A FOR FAILURE TO STATE A CLAIM |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. After a dismissal pursuant to 28 U.S.C. § 1915A, he has filed an amended complaint. ECF No. 19. He has also filed a "motion for . . . California to release property," a "motion to dismiss/disqualify/change magistrate judge," and a "motion for time extension." ECF Nos. 21-23. As discussed below, plaintiff's motions are denied and it is recommended that his amended complaint be dismissed without further leave to amend.

**I.      Plaintiff's Amended Complaint (ECF No. 19)**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

1

1    In dismissing the original complaint with leave to amend (ECF No. 9), the court informed
2    plaintiff of the standards governing his intended claims for relief, including those governing Title
3    II of the Americans with Disabilities Act, claims of deliberate indifference in violation of the
4    Eighth Amendment, and the fact that there are no constitutional requirements regarding how a
5    grievance system is operated.  The court also informed plaintiff that his general references to
6    "defendants," without specifically linking a particular defendant to a violation of his rights was
7    insufficient, especially considering that plaintiff had named approximately 50 defendants.  In
8    addition, the court informed plaintiff that conclusory allegations of "discrimination,"
9    "retaliation," "deliberate indifference," harassment," and "abuse," were implausible absent
10   specific and supporting factual allegations.

11   Plaintiff's amended complaint (ECF No. 19) fails to correct the deficiencies in his
12   intended claims for relief.  Plaintiff again names approximately 50 defendants.  He continues to
13   assert claims against all "defendants," without pleading any facts to link a particular defendant to
14   a specific violation of his rights.  *See e.g.,* ECF No. 19, ¶¶ 26, 32, 43, and "First Cause of Action"
15   at p. 11 (charging "defendants" with unspecified violations of his First and Eighth Amendment
16   rights).  He again accuses defendants of various wrongs, including excessive force, disability
17   discrimination, and violations of his First, Eighth, and Fourteenth Amendment rights, but includes
18   almost no factual allegations to support those accusations.  *See id.* at 1-2.  The only specific
19   allegations, discussed below, concern his administrative appeals and apparent hearing
20   impairment.  Those allegations are not sufficient to state a proper claim for relief.

21   Throughout the complaint, plaintiff appears to name defendants solely because they
22   played a role in processing his administrative appeals.  *See, e.g., id.* ¶¶ 29-30, 40-42, 46-68
23   (alleging that specific defendants denied and/or signed an administrative appeal).  As plaintiff
24   was previously informed, however, this is not a sufficient basis for liability.  *See* ECF No. 9 at 6
25   (citing *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993)).

26   In addition, plaintiff's attempt to state a claim for relief under ADA fails.  Plaintiff, who is
27   allegedly hearing impaired, claims that he was denied an "amplification device (pocket talker)"
28   when defendants Fritz and Neely returned it to its vendor.  *See* ECF No. 19, ¶¶ 27-28, 45.  He

also claims that defendants Young, the State of California, and LeClare denied him "effective communication" by failing to offer him "written notes," an "ADA inmate assistant," a "reader board," and/or "in-cell notification." *Id.* ¶¶ 33-35. However, the treatment or lack of treatment for a medical condition does not provide a basis upon which to impose liability under the ADA. *Simmons v. Navajo County*, 609 F.3d 1011, 1022 (9th Cir. 2010) ("The ADA prohibits discrimination because of disability, not inadequate treatment for disability."); se*e also Burger v. Bloomberg*, 418 F.3d 882, 883 (8th Cir. 2005) ("a lawsuit under the . . . [ADA] cannot be based on medical treatment decisions"); *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) (The ADA is not "violated by a prison's simply failing to attend to the medical needs of its disabled prisoners."). Plaintiff does not allege that he was denied access to any particular program because of his disability, and thus, fails to state a cognizable ADA claim. Further, plaintiff's scant allegations do not demonstrate that any defendant acted with the requisite deliberate indifference for an Eighth Amendment violation. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Despite notice of the complaint's deficiencies and an opportunity to amend, plaintiff is unable to state a proper claim for relief. Therefore, this action must be dismissed without leave to amend for failure to state a claim upon which relief could be granted. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely."); *see also Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

**II.     Plaintiff's Motions (ECF Nos. 21, 22, 23)**

In the "motion for . . . California to release property," plaintiff states that he does not have access to all of his property and that without such access, he "is unable to continue in his complaint." ECF No. 21, ¶ 2. In his "motion for time extension," plaintiff seeks a 120-day extension of time. ECF No. 23.

/////

Plaintiff filed his amended complaint as ordered by the court (*see* ECF Nos. 18, 19), and there were no other court-imposed deadlines when he filed the instant motions. Thus, plaintiff's motions are denied as moot.

Plaintiff also filed a "motion to dismiss/disqualify/change magistrate judge," which the court construes as a motion for recusal. ECF No. 22. In the motion, plaintiff complains that the undersigned has not issued orders in a timely fashion and that the orders issued have been "prejudicial" and demonstrate "bias." *See id.* ¶¶ 6, 7, 11. Title 28 U.S.C. § 455 requires recusal if the judge's alleged bias or prejudice "stems from an extrajudicial source and not from conduct or rulings made during the course of the proceedings." *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1388 (9th Cir. 1988). "A judge's previous adverse ruling alone is not sufficient bias." *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984). Because plaintiff's motion is based on his disagreement with rulings made during the course of these proceedings in this court, and not from any extrajudicial source, his request for recusal is denied.

### III.    Order and Recommendation

Accordingly, IT IS HEREBY ORDERED that plaintiff's motions (ECF Nos. 21, 22, 23) are denied.

Further, IT IS HEREBY RECOMMENDED that the amended complaint (ECF No. 19) be dismissed for failure to state a claim upon which relief may be granted and that the Clerk of the Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The

/////

/////

/////

4

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 11, 2016.

                    EDMUND F. BRENNAN
                    UNITED STATES MAGISTRATE JUDGE