UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTAVO ALVAREZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>　　　　Defendants. | No.  2:14-cv-1181-KJM-EFB P<br><br><br>ORDER |

　　　　Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  On September 28, 2016, the court dismissed this action under 28 U.S.C. § 1915A for failure to state a claim upon which relief could be granted.  ECF No. 26.  Judgment was duly entered.  ECF No. 27.  Plaintiff now seeks relief from judgment pursuant to Rules 59 and 60(b) of the Federal Rules of Civil Procedure.  ECF Nos. 28, 29.  Plaintiff also moves for a certificate of appealability.  ECF No. 30.

　　　　Under Rule 59(e), three grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.  *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987); *see also 389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); *accord School Dist. No. 1J v. AC&S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  Courts construing Federal Rule of Civil

1

1  Procedure 59(e) have noted that a motion to reconsider is not a vehicle permitting the
2  unsuccessful party to "rehash" arguments previously presented, or to present "contentions which
3  might have been raised prior to the challenged judgment." *Costello v. United States*, 765 F. Supp.
4  1003, 1009 (C.D. Cal. 1991); *see also F.D.I.C. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986);
5  *Keyes v. National R.R. Passenger Corp.,* 766 F. Supp. 277, 280 (E.D. Pa. 1991).  These holdings
6  "reflect[] district courts' concerns for preserving dwindling resources and promoting judicial
7  efficiency."  *Costello*, 765 F.Supp. at 1009.

8  In addition, Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

15  Fed. R. Civ. P. 60(b).

16  "A motion for reconsideration should not be granted, absent highly unusual
17  circumstances, unless the . . . court is presented with newly discovered evidence, committed clear
18  error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v.*
19  *Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).  Further, Local Rule 230(j)
20  requires that a motion for reconsideration state "what new or different facts or circumstances are
21  claimed to exist which did not exist or were not shown upon such prior motion, or what other
22  grounds exist for the motion," and "why the facts or circumstances were not shown at the time of
23  the prior motion."  E.D. Cal., Local Rule 230(j)(3)-(4).

24  Plaintiff has not shown that the judgment entered against him was the result of excusable
25  neglect or fraud, nor has he shown any other reason that would warrant relief from the judgment
26  entered herein.  Accordingly, his Rule 59 and 60 motions will be denied.

27  A certificate of appealability is required to appeal from a final judgment in a habeas
28  corpus action.  *See* 28 U.S.C. § 2253(c).  It is not required in order to take an appeal from a final

judgment in a civil rights action under 42 U.S.C. § 1983.  Plaintiff's motion for a certificate of appealability will be denied as unnecessary.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's Rule 59 and Rule 60(b) motions (ECF Nos. 28, 29) are denied; and

2.  Plaintiff's motion for a certificate of appealability (ECF No. 30) is denied as unnecessary.

DATED:  January 5, 2017.

_____
UNITED STATES DISTRICT JUDGE